IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA PETER, MICHAEL PETER, | : | CIVIL ACTION |
| JULIKA BERGER, JAROLIN BERGER | : | |
| | : | |
| v. | : | |
| | : | |
| SUSAN DIANE WOJCICKI, | : | |
| WILLIAM HENRY CATES, STEPHANE | : | |
| BANCEL and ALBERT BOURLA | : | NO. 21-4994 |

## MEMORANDUM

**Savage, J.**                                                                 **February 24, 2022**

Plaintiffs, Maria Peter and Michel Peter, who reside in Austria, and Julika Berger and Jarolin Berger, whose address is listed in Germany, filed this *pro se* Complaint alleging the defendants injured them by a "mental disease Akva-A" when the defendants "failed to keep the risk of synthetic bioweapon-attacks at the 10%-low, but rose it to a 70%-high."[1]  Maria Peter seeks to proceed *in forma pauperis*.

For the following reasons, we shall dismiss plaintiffs' Complaint.

## Discussion

To commence a civil action in this Court, a plaintiff must either pay $402.00 (the $350.00 filing fee and $52.00 administrative fee) to the Clerk of Court, or file an application to proceed *in forma pauperis*.  *See* 28 U.S.C. §§ 1914, 1915.

Maria Peter filed an application to proceed *in forma pauperis*.  The other plaintiffs have not.  It appears that Maria Peter has sufficient funds to pay the filing fee.  After a thorough review of the information Maria Peter has provided, it appears she has sufficient

---

[1] *See* Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332/Diversity of Citizenship) ("Compl.") (Doc. No. 1 at 4.). We adopt the pagination assigned to the Complaint by the CM/ECF docketing system.

assets to afford to pay the filing fees.  Her application lists $10,000 in cash or in a checking or savings account.[2]  (Having reviewed Maria Peter's financial circumstances as a whole, we conclude that she can afford to pay the applicable fees.  *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Thus, if she wishes to proceed, she must remit the filing fee within thirty days.

Maria Peter and Julika Berger appear to be pursuing claims for themselves and their minor children.  Although they may pursue their own claims as *pro se* litigants, they cannot represent their minor children.

Under 28 U.S.C. § 1654, parties "may plead and conduct their <u>own</u> cases personally or by counsel" in federal court.  (emphasis added).  A party has the option of proceeding *pro se* or obtaining counsel to represent him.  *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991).

Although an individual may represent himself, a non-lawyer may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) ("The federal courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.") (internal citation and quotation omitted). In particular, parents cannot act in a representative capacity for their children.  *See Osei-*

---

[2]  *See* Application to Proceed in District Court Without Prepaying Fees or Costs (Doc No. 3) at 3.

*Afriyie ex rel.*, 937 F.2d at 882-83 ("Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court.").

Where the party in interest is a minor, Federal Rule of Civil Procedure 17(c)(1) provides that only a representative, such as a general guardian, conservator, or like fiduciary, may sue on a minor's behalf. If the minor does not have a representative, he or she may sue by a next friend or a guardian *ad litem*. Fed. R. Civ. P. 17(c)(2). Therefore, because they lack the capacity to bring suit in their own names and they may not be represented by Maria Peter and Julika Berger, respectively, we shall strike Michael Peter and the Bergers as plaintiffs.

For the foregoing reasons, we shall deny the motion to proceed *in forma pauperis* and close this action administratively. If Maria Peter pays the filing fee within thirty days, the case will be reopened and the complaint will be reviewed to determine if jurisdiction exists and if venue is proper. Ms. Peter is advised that if she pays the fee and the case is dismissed or transferred, the fee will not be refunded.